IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRSTMERIT BANK, NA, as successor-in-interest to George Washington Savings Bank, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-CV-03712 |
| HEIDENREICH TRUCKING COMPANY, an Illinois corporation,, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff FirstMerit Bank, N.A., as successor-in-interest to George Washington Savings Bank, complains against defendant Heidenreich Trucking Company ("Heindenreich") and alleges as follows.

## PARTIES

1. Plaintiff FirstMerit Bank, N.A., is a national bank with its principal place of business in Ohio.

2. Defendant Heidenreich Trucking Company, is an Illinois Corporation whose principal place of business is in Illinois.

## JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because this matter involves a dispute between citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this district under 28 U.S.C. § 1391(a) because defendant

1

resides in the judicial district, a substantial part of the events or omissions giving rise to the claims hereunder occurred in this district, and defendant is subject to personal jurisdiction within the judicial district.

## STATEMENT OF FACTS

5. On June 10, 2010, a judgment was entered in favor of FirstMerit and against William J. McEnery ("McEnery"), in the amount of $1,843,129.14 in the Circuit Court of the Twelfth Judicial Circuit of Will County, Illinois, case no 10 L 477 (the "FirstMerit Judgment").

6. On July 1, 2010, FirstMerit Bank served a Citation to Discover Assets on Debtor returnable on July 9, 2010 (the "FirstMerit Citation").

7. Pursuant to agreement of the parties, the FirstMerit Citation has been continued from time to time. McEnery has commenced the production of the documents identified in the citation and has appeared for his citation examination.

8. At the time of entry of the FirstMerit Judgment, McEnery owned an account with Riversource Life Insurance Company, known as account number FXA 5931394 ("Riversource Account"), which contained funds in excess of $325,000.00.

9. On June 25, 2010, after entry of the FirstMerit Judgment, McEnery withdrew from the Riversource Account funds totaling $325,000.00. A true and accurate copy of the bank statement and the request for withdrawal produced by Riversource to FirstMerit is attached to this complaint as exhibit A.

10. On information and belief, on July 1, 2010, McEnery caused the $325,000.00, in funds taken from the Riversource Account to be deposited into a bank account owned by Heindenreich.

11. On information and belief, McEnery received nothing in exchange for the $325,000.00 transfer to Heindenreich.

12. McEnery has not claimed any exemption for the funds in the Riversource Account.

13. The Illinois Secretary of State identifies McEnery as the president of Heindenreich.

14. The William J. McEnery Revocable Trust dated April 22, 1993 (the "Trust") is the sole shareholder of Heindenreich.

15. McEnery is the sole beneficiary of the Trust.

## COUNT I
## FRAUDULENT CONVEYANCE (ACTUAL FRAUD)
## AGAINST HEIDENREICH

16. FirstMerit restates and realleges paragraphs 1 through 15 of the Complaint as paragraph 16.

17. The transfer made to Heindenreich was made with the actual intent to delay, hinder and/or defraud McEnery's creditors, in that each of the following non-exclusive, badges of fraud existed in connection with the transfers:

    a. The transfer was made to an insider of McEnery;

    b. McEnery retained constructive possession and control of the transferred funds;

    c. The FirstMerit Judgment had been entered a short time prior to the transfer;

    d. The transfer was of substantially all of McEnery's assets;

  e.  McEnery received no consideration or inadequate consideration in respect to the value of the funds transferred;

  f.  McEnery was insolvent because of, or became insolvent shortly before or shortly after the transfer.

18. Pursuant to 740 ILCS 160/8, the transfer of $325,000.00 in funds to Heindenreich may be avoided to the extent necessary to satisfy the liabilities of McEnery.

WHEREFORE, Plaintiff FirstMerit Bank, N.A. respectfully request that the Court, enter an Order:

A. Avoiding the transfer of $325,000.00, from William J. McEnery to Heindenreich Trucking Company pursuant to 740 ILCS 160/8.

B. Entering judgment pursuant to 740 ILCS 160/9 in favor of Plaintiff FirstMerit Bank, N.A., and against Heidenreich Trucking Company, in the amount of $325,000.00, plus punitive damages;

C. Entering an injunction prohibiting Heidenreich Trucking Company from further transferring any assets that were previously owned by McEnery; and

D. Granting such other equitable relief as may be just and appropriate.

## COUNT II
## FRAUDULENT CONVEYANCE (CONSTRUCTIVE FRAUD) AGAINST HEIDENREICH
### *(In the Alternative)*

19. Plaintiff FirstMerit restates and realleges paragraphs 1 through 16 as paragraph 24 of this Complaint.

20. The transfer of $325,000.00 in funds from McEnery to Heidenreich was made for

4

less than reasonably equivalent value.

21.  McEnery was insolvent at the time the transfer. In the alternative, McEnery was rendered insolvent by the transfer.

22.  At the time of the transfer, McEnery intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

23.  Pursuant to 740 ILCS 160/5(b) and 6, the transfer from McEnery to Heindenreich is fraudulent as to FirstMerit, a creditor of McEnery.

24.  Pursuant to 740 ILCS 160/8, the transfer from McEnery to Heidenreich may be avoided to the extent necessary to satisfy McEnery's liability.

25.  Pursuant to 740 ILCS 160/9, judgment may be entered against Heidenreich in the amount of McEnery's the funds transferred.

WHEREFORE, Plaintiff FirstMerit Bank, N.A., respectfully requests that the Court enter an Order:

A.  Avoiding the transfer of $325,000.00, from William J. McEnery to Heindenreich Trucking Company pursuant to 740 ILCS 160/8.

B.  Entering judgment pursuant to 740 ILCS 160/9 in favor of Plaintiff FirstMerit Bank, N.A., and against Heidenreich Trucking Company, in the amount of $325,000.00, plus punitive damages;

C.  Entering an injunction prohibiting Heidenreich Trucking Company from further transferring any assets that were previously owned by William J. McEnery; and

D.  Granting such other equitable relief as may be just and appropriate.

*          *          *

                                **Respectfully submitted,**

                                **FIRSTMERIT BANK, N.A.,**

                                /s/ Amy E. Daleo
                                One of its Attorneys

Cornelius P. Brown (Atty. No. 0312355)
Amy E. Daleo (Atty No. 6281091)
COHON RAIZES & REGAL LLP
208 S. LaSalle Street, Suite 1860
Chicago, Illinois 60604
(312) 726-2252

# EXHIBIT A

# RiverSource®

RiverSource Life
**Insurance Company**
1751 Ameriprise Financial Center
Minneapolis, MN 55474

Page 1 of 1

Owner:
WILLIAM J MC ENERY
21660 S LAGRANGE RD
FRANKFORT IL 60423

Statement Period
From: 03/01/2008
To: 03/01/2011

Statement Prepared On: 03/02/2011

Certificate Number: FXA 5931394

Annuitant:
WILLIAM J MC ENERY

Account Effective Date: 06/27/1989

Surrender Value: $6,029.72

...........ACCOUNT SUMMARY...........

Beginning Balance: $527,172.92
Contributions: $560,000.00
Interest Earned: $43,856.80

Withdrawals: ($1,125,000.00)

Ending Balance: $6,029.72

## ACCOUNT ACTIVITY

| Date | Transaction(s) | Date | Transaction(s) |
|---|---|---|---|
| 03/17/2008 | $20,000.00 | 05/26/2009 | $20,000.00 |
| 04/15/2008 | $20,000.00 | 06/29/2009 | $20,000.00 |
| 05/15/2008 | $20,000.00 | 07/22/2009 | $20,000.00 |
| 06/16/2008 | $20,000.00 | 08/20/2009 | $20,000.00 |
| 07/15/2008 | $20,000.00 | 09/24/2009 | $20,000.00 |
| 08/15/2008 | $20,000.00 | 11/02/2009 | $20,000.00 |
| 09/15/2008 | $20,000.00 | 11/30/2009 | $20,000.00 |
| 10/15/2008 | $20,000.00 | 12/18/2009 | $20,000.00 |
| 11/17/2008 | $20,000.00 | 01/19/2010 | $20,000.00 |
| 12/29/2008 | $20,000.00 | 02/17/2010 | $20,000.00 |
| 01/28/2009 | $20,000.00 | 03/15/2010 | $20,000.00 |
| 02/17/2009 | $20,000.00 | 04/23/2010 | $20,000.00 |
| 03/13/2009 | $800,000.00 WITHDRAWAL | 05/21/2010 | $20,000.00 |
| 03/27/2009 | $20,000.00 | 06/16/2010 | $20,000.00 |
| 05/04/2009 | $20,000.00 | 06/25/2010 | $325,000.00 WITHDRAWAL |

This statement shows how the value of your PRIVILEGED ASSETS account changed during the period covered. The contributions and earned interest increased the value. Withdrawals, withdrawal charges, state and/or federal withholding, if any, decreased the value.

If you, as the owner, have any questions or wish to change your contribution amount, address, beneficiary information or billing frequency, please call us at 1-800-633-4003. Or, you may write to us at: Privileged Assets, RiverSource Life Insurance Company, 1751 AMP Financial Center, Minneapolis, MN 55474.

RiverSource Life Insurance Company administers the Privileged Assets annuity contracts issued by RiverSource Life Insurance Company and AMEX Life Assurance Company (now known as General Electric Capital Assurance Company).

06/24/2010 17:00   1-815-469-0395   William J. McEnery   Page 1/1

# WITHDRAWAL FORM

Client Name (please print): William J. McEnery

Address on record: 160 LaGrange Rd, Frankfort IL 60423
(Changes made below)

Privileged Assets Certificate/Contract number: FXA 5931394

Please check the applicable option(s) for each section.

## SECTION ONE
(X) I wish to make a **partial** withdrawal of $ 325,000.00 (your account requires a $600 minimum balance)
( ) Along with the partial withdrawal, please increase my monthly contribution to $ _____
( ) I wish to make a **full** withdrawal. (all billing is stopped when a full withdrawal is made)

## SECTION TWO
( ) Please withhold 10% towards federal income tax on the interest earned. Your State may require a percentage be withheld for State income taxes. You will receive a 1099-R at year end.
(X) Please do not withhold for taxes on the interest earned. You will receive a 1099-R at the year end.

## SECTION THREE
** We cannot send your check directly to a bank or another investment company/ it must be made payable to owner(s)

( ) Please send my check to the above address of record via First Class Mail; or
(X) I have a (X) NEW ( ) ALTERNATE address to send the check to: (Please print)
21660 S. LaGrange Rd
Frankfort, IL 60423

## SECTION FOUR (Reason for withdrawal)
(X) Need Money ( ) Investments ( ) Dissatisfied with service / rate ( ) Taxes ( ) Moving money to Variable product

## CERTIFICATION AND SIGNATURES:
1. The social security number shown on this form is my correct taxpayer ID number (or, I am waiting for a number to be issued to me) and,
2. I am not subject to backup withholding because A) I am exempt from backup withholding B) I have not been notified By the IRS that I am subject to backup withholding as a result of failure to report all interest or dividends, or C) The IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. person (including a U.S. resident alien)

_[signature]_                    REDACTED                      (815) 469-9000      6/24/10
Signature of Owner               Social Security Number        Daytime Phone       Date

_____          _____
Signature of Spouse (if a joint account)    Social Security Number of Joint Owner

**RETURN FORM TO:**                **OR FAX TO:**
RiverSource Life Insurance          612-547-1705
1751 Ameriprise Financial Center
Minneapolis, MN 55474